**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NATOSHA L. PARKER,

    Plaintiff,

v.

                                    Case No. 3:23-cv-1437-TJC-MCR

CLEARPATH LENDING, US BANK, NA, as Trustee for Securitized Trust GNMA 2020-030 Trust, M&T BANK, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, and DOES 1 THROUGH 100 INCLUSIVE,

    Defendants.

---

**O R D E R**

This case is before the Court on the Defendants' Motions to Dismiss (Docs. 24, 28, and 34). Pro se plaintiff Natosha Parker filed a complaint against the Defendants in an apparent attempt to stop foreclosure proceedings and quiet title, alleging that the Defendants did not have standing to foreclose and have breached a contract. (Doc. 1). As the original complaint did not allege a basis for federal jurisdiction, this Court directed Plaintiff to file an amended complaint. (Doc. 3).

Plaintiff's amended complaint alleges that this Court has subject matter jurisdiction in the present case (1) because the "actions which are the basis of

this lawsuit, the institution and pursuit of Failure to Disclose associated with wrongful residential mortgage pre-foreclosure/foreclosure and fraud were committed by M & T BANK ET AL…" and (2) under 42 U.S.C. § 1983. (Doc. 8 at 2). The amended complaint also repeatedly cites to 26 U.S.C. § 1031 (Doc. 8 ¶¶ 5–10, 13–15, 18–20, 22–23, 30, 45, 50, 65, 67, 72–73, 75), the Real Estate Mortgage Investment Conduit Tax Reform Act of 1986 (Doc. 8 ¶¶ 16,18), and the Real Estate and Tax Reform Act of 1986 (Doc. 8 ¶ 17). She brings five causes of action: (I) Lack of Standing/Wrongful Foreclosure; (II) Breach of Contract as to ClearPath and Mortgage Electronic Registration System; (III) Quiet Title; (IV) Slander of Title; and (V) Declaratory Relief Against All Defendants. (Doc. 8).

Defendants filed motions to dismiss the amended complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (Docs. 24, 28, and 34). In their motions, Defendants generally state that Plaintiff's amended complaint fails to sufficiently allege federal question or diversity of citizenship, and thus should be dismissed for lack of subject matter jurisdiction. See (Doc. 24 at 3–6, Doc. 28 at 2–5, Doc. 34 at 8–9). Plaintiff responds that Defendants failed to rebut or challenge the facts stated in the

amended complaint. (Doc. 51 at 1). She further states that this Court should use the standard of review for a motion for summary judgment. Id. at 6–7.[1]

If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12; see Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331, n. 6 (11th Cir. 2001) ("[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.") (internal quotations omitted); see also Belleri v. United States, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction."). When a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists. Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013) (citing Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). And while a pro se complaint must be construed liberally, the Court "may not serve as de facto counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action." Yocum v. Select Portfolio Servicing Inc., No. 23-10714, 2024 WL 490113, at *1 (11th Cir. Feb. 8, 2024) (citing Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168−69 (11th Cir. 2014).

---

[1] Plaintiff also discusses the Rooker-Feldmen doctrine at length. It is unclear why she chose to do so, as even Plaintiff admits that "it would seem that the doctrine would [] have to be inapplicable to cases, like the one before us…". (Doc. 51 at 2).

District courts have subject matter jurisdiction in limited circumstances. A plaintiff properly invokes federal question jurisdiction under 28 U.S.C. § 1331 when she pleads a colorable claim "arising under" the Federal Constitution or laws of the United States. Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) (citations omitted). Alternatively, she invokes 28 U.S.C. § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required amount in controversy of $75,000. Id.

Here, the Court does not have subject matter jurisdiction. Plaintiff makes no allegation that the parties have complete diversity and that the amount in controversy exceeds $75,000 to satisfy the diversity jurisdiction requirements under 28 U.S.C. § 1332(a). Moreover, Plaintiff's amended complaint does not contain allegations that establish federal subject matter jurisdiction under federal question jurisdiction. Plaintiff makes numerous but inconsequential references to federal statutes and regulations but fails to include any short plain statements that assert a cause of action arising under those laws against the defendants.

First, Plaintiff states that she "more than adequately alleges that the Defendant violated numerous federal laws governing Real Estate Mortgage." (Doc. 8 ¶ 2). While she references the Real Estate Mortgage Investment Conduit Tax Reform Act of 1986 many times in her amended complaint, there is no such law. The Tax Reform Act of 1986, Public Law 99-514, amended the Tax Code in

4

part to regulate Real Estate Mortgage Investment Conduits. See 26 U.S.C. §§ 860A–860G. But Plaintiff provides no cause of action against Defendants, none of the elements of the cause of action, or cites to any case law to support her claim.

Second, Plaintiff references 42 U.S.C. § 1983. A plaintiff must allege facts establishing that a state actor had deprived them of a right, privilege, or immunity secured by the United States Constitution or statute. Id.; (Doc. 8 ¶ 2). However, Plaintiff fails to allege any of the defendants are state actors or government officials.

Plaintiff also seeks declaratory relief under Count V. (Doc. 8 at 16–17). Plaintiff makes no claim under any particular cause of action, but the Court assumes she intended to do so under the Declaratory Judgment Act, 28 U.S.C. § 2201. The Act, however, does not confer federal subject matter jurisdiction to federal courts. Rather, "the operation of the Declaratory Judgment Act is procedural only." Household Bank v. JFS Grp., 320 F.3d 1249, 1253 (11th Cir. 2003) (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937)).

As Plaintiff makes general statements with no direct reference to a plausible cause of action under a federal law or under diversity jurisdiction, the Court cannot exercise subject matter jurisdiction over her amended complaint. Moreover, since the Court has no subject matter jurisdiction over her claims, the Court cannot exercise supplemental jurisdiction over her state law claims,

5

Counts I to IV, which are the remainder of the amended complaint. Arbaugh, 546 U.S. at 506 ("We note, too, that, under 28 U.S.C. § 1367, federal courts may exercise 'supplemental' jurisdiction over state-law claims linked to a claim based on federal law.").

Plaintiff's amended complaint does not cure the jurisdictional deficiencies of the original complaint. As Plaintiff failed to allege sufficient jurisdictional facts to establish federal jurisdiction, the Amended Complaint is due to be dismissed.

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motions to Dismiss (Doc. 24, 28, and 34) are **GRANTED**. Plaintiff's Amended Complaint (Doc. 8) is **DISMISSED without prejudice**.

2. The Clerk should close the file.

**DONE AND ORDERED** in Jacksonville, Florida, the 26th day of July, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

jcd
Copies:

Counsel of record
Pro se party